# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **TERRELL A. QUALLS** | **CIVIL ACTION NO. 08-0961** |
| **VS.** | **SECTION P** |
| **OUACHITA PARISH, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Terrell A. Qualls, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 27, 2008. He has been allowed to litigate his claims *in forma pauperis.* Plaintiff is a pre-trial detainee in the custody of the Ouachita Parish Sheriff. He is awaiting trial on various felony charges arising from his arrest on January 26, 2008. Plaintiff claims that his arrest, confinement, and prosecution violate his rights to due process and equal protection. He has sued Ouachita Parish Sheriff Ross Toney, Deputy Sheriff John Dupree, and Assistant District Attorney Jo Hellard. He prays for injunctive relief – a release from custody and the discharge of his bond obligation – and compensatory damages in the amount of $150,000. In a separate motion, he also requests the appointment of counsel.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Statement of the Case*

During the early morning hours of January 26, 2008, plaintiff, along with four other companions, was a passenger in a car driven by Michael Wilson. At 4:20 a.m., Ouachita Parish Deputy Sheriff J. Dupree pulled the vehicle over. As soon as the vehicle came to a stop, plaintiff fled seeking to avoid arrest on an active child support warrant.

The incident report authored by Dy. Dupree implied that plaintiff fled the scene after a handgun, illegal drugs, and drug paraphernalia were discovered in the vehicle. In any event, plaintiff was ultimately arrested and charged with possession with intent to distribute cocaine, possession of drug paraphernalia, and possession of a firearm by a convicted felon.

On some unspecified date a preliminary hearing was convened. According to plaintiff, evidence adduced at that hearing established that the drugs, paraphernalia, and firearm were closer in proximity to the others in the vehicle. Nevertheless, charges were filed only against plaintiff and not against the others.

Plaintiff claims that Dupree violated his "due process" and "equal protection" rights. He also complains that his bail was set in an excessive amount – $85,000. Plaintiff also claims that the District Attorney's Office has also violated his due process and equal protection rights. Plaintiff contends that the Ouachita Parish Sheriff's Office "... is making arrests without proper investigation..." He claims that "the use of excessive bonds and illegal probation holds are used as a tool to coerce plea agreement..." He also claims that "... appointed counsel... do nothing" and that this results in ineffective assistance of counsel in violation of the Sixth Amendment.

Plaintiff seeks injunctive relief (release from custody without a bond obligation) and dismissal of all charges. He seeks compensatory damages for lost wages and mental anguish.

## Law and Analysis

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a

constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff argues specific legal theories and provides a detailed recitation of the facts in support of his claim for relief. Plaintiff need not be afforded an opportunity for further amendment.

## 2. Release From Custody

Through this §1983 action, plaintiff seeks his immediate release from custody and the dismissal of pending criminal charges. The Supreme Court has long held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); see also *Wolff v. McDonnell*, 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Heck v. Humphrey*, 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

To the extent that plaintiff attacks the fact of his incarceration and seeks his immediate release, he fails to state a claim for which relief may be granted pursuant to §1983. His proper remedy is a petition for federal or state *habeas corpus* relief instead. He is cautioned, however, that he is not entitled to seek federal *habeas corpus* relief until such time as he has exhausted available state court remedies. See *Preiser*, 411 U.S. at 491; see also *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956 (1987) (Although exhaustion is not

4

expressly mandated by § 2241, a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial *habeas corpus* petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *Id.* "The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Id.* (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)).)

He is further cautioned that to the extent he now asks or, may later ask this court to interfere with or restrain the on-going criminal prosecution in Ouachita Parish, abstention pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) would likely be deemed appropriate. The *Younger* abstention doctrine expresses the fundamental policy against federal interference with state criminal prosecutions. Abstention under *Younger* "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character." *Louisiana Debating and Literary Ass'n v. City of New Orleans*, 42 F.3d 1483, 1489 (5th Cir.)(citing *Word of Faith World Outreach Center Church, Inc. V. Morales*, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993)), *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2583 (1995).

### 3. *Arrest, Imprisonment, and Prosecution*

Plaintiff argues that his arrest, imprisonment, and prosecution violate the due process and

5

equal protection clauses of the Fourteenth Amendment. False arrest and imprisonment claims do not implicate either the equal protection or due process clauses of the Fourteenth Amendment; instead, they arise, if at all, under the Fourth Amendment. *Albright v. Oliver*, 510 U.S. 266, 275, 114 S.Ct. 807, 814, 127 L.Ed.2d 114 (1994) ("The Framers [of the Constitution] considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it.")

Further, his assertion that his arrest and imprisonment violated his right to equal protection under the law is incomprehensible. He suggests that he was treated differently from his companions who were not arrested. The Supreme Court has recognized that equal protection claims can be brought by a " 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). While a plaintiff raising such a claim does not have to allege membership in a protected class or group (see *Shipp v. McMahon*, 234 F.3d 907, 916 (5th Cir.2000), overruled in part on other grounds by, *McClendon v. City of Columbia*, 305 F.3d 314, 328-29 (5th Cir.2002) (*en banc*)), nevertheless, the plaintiff must "... present evidence that the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Id.* (quoting *Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir.2000)). Plaintiff makes no such showing. He implies merely that the decision to arrest/charge/imprison him and not his four companions resulted in disparate treatment. However, as is shown below, his failure to demonstrate that his arrest and incarceration were accomplished without probable cause is fatal to both his Fourth Amendment and his equal protection claim.

With regard to his implied claim of malicious prosecution, it fares no better. In *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir.2003) (en banc) the Fifth Circuit noted, "We decide that 'malicious prosecution' standing alone is no violation of the United States Constitution, and that to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law." Thus, to the extent that plaintiff implies that he is entitled to compensation for malicious prosecution pursuant to §1983, he fails to state a claim for which relief may be granted.

Plaintiff's complaint that he has received ineffective assistance of counsel likewise fails to state a claim for which relief may be granted. A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two elements: (1) that the conduct complained of was committed by a state actor under color of state law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. See *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir.1990). While the named defendants are arguably "state actors," plaintiff has not shown how these defendants deprived him of his Sixth Amendment right to effective assistance of counsel. Further, to the extent that plaintiff implies liability on the part of his court-appointed attorney, such a claim is also frivolous. It is well settled that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. See *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir.1988)).

Finally, even if plaintiff were permitted to amend his complaint to correctly characterize his action as arising under the Fourth Amendment, it would still be subject to dismissal. In order

7

to state a claim for false arrest and imprisonment, a civil rights plaintiff must show that his arrest was without probable cause. See *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir.2001) ("The 'constitutional torts' of false arrest ... and false imprisonment ... require a showing of no probable cause."). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a person to conclude that the suspect had committed or was committing an offense." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir.2001) (internal quotation and citation omitted).

Plaintiff admits that he fled from the officer because he knew that there was a warrant for his arrest. That warrant authorized any peace officer to arrest the plaintiff. Further, the officer in question thereafter discovered a weapon and contraband drugs and paraphernalia in the vehicle that plaintiff had recently occupied. The totality of the facts and circumstances permitted the officer to conclude that the defendant had committed an offense, and therefore probable cause existed for the arrest of plaintiff on these felony charges as well. Further, plaintiff admitted that he was afforded a preliminary examination in court. In light of the fact that he remains in custody, it is fair to conclude that a judge or an impartial magistrate likewise concluded that probable cause existed for plaintiff's arrest and imprisonment. See La. C.Cr.P. art. 296.

Finally, to the extent that plaintiff faults the defendants for setting an excessive bond, that claim, too, is without a basis in fact or law. Under Louisiana law, only judges have the authority to fix bail. See La. C.Cr.P. art. 333.

## 4. Appointment of Counsel

Plaintiff seeks court-appointed counsel to assist him in the prosecution of a civil rights complaint which complains that he has been falsely arrested, confined, and prosecuted. [rec. doc.

5] Initially, the undersigned notes that plaintiff is proceeding in *forma pauperis*. [rec. doc. 3] Thus, plaintiff should be considered indigent for the purposes of this evaluation.

Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 490 U.S. 296, 301-302, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989) the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982) and *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner,

the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d. at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242. Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on his own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213. Plaintiff is not excused from trying to procure counsel for himself.

Plaintiff has managed to file his original complaint setting forth his cause of action against the named defendants. No special legal knowledge is required of plaintiff herein. Additionally, plaintiff has first-hand knowledge of the facts which form the basis of this action. The claim is not necessarily atypical and is not complex. Further, as has been shown above, it is recommended that plaintiff's claims be dismissed on initial review. Appointment of counsel would not assist the plaintiff or the court in resolving any outstanding issues. Finally, plaintiff has failed to demonstrate that he has attempted to procure counsel on his behalf.

Accordingly, plaintiff's request for appointment of counsel should be denied as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. Moreover, plaintiff's request should be denied because plaintiff has failed to demonstrate any effort to secure counsel on his own behalf.

*5. Conclusion – Order and Recommendation*

**IT IS ORDERED** that plaintiff's request for appointment of counsel [rec. doc. 5] be **DENIED.**

Further,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(d)(2)(b)(i) and (ii) and § 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, September 29, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE